## No. 138.—O. K. HAWLEY v. J. H. C. BARLOW.

The act of the Legislature of 1869, No. 110, entitled "an act to amend and re-enact sections four and nine of an act entitled an act to organize the parish courts of this State," etc., in authorizing clerks of district courts to perform clerical duties of the parish courts, and receive the fees therefor, does not create the office of clerk of the parish court, and is therefore not in violation of article 117 of the constitution, which provides that no person shall hold or exercise, at the same time, more than one office.

The ninth section of the act of 1869, No 110, in providing that the parish judges shall receive a salary and such fees as are allowed to clerks of district courts in all cases of appeals from justices of the peace, does not violate that part of article eighty-six of the constitution, which declares that parish judges shall receive a salary and fees, to be provided by law.

APPEAL from Ninth District Court, parish of Rapides. *Orsborn, J. M. Ryan,* for plaintiff and appellee. *White & Manning,* for defendant and appellant.

WYLY, J. The plaintiff, who is clerk of the District Court of the parish of Rapides, has enjoined the defendant, who is parish judge of said parish, from taking the custody of the records of the parish court and from performing the clerical duties of said court and collecting the fees provided by law therefor, except the fees arising from appeals from the justices courts. The court rendered judgment in favor of plaintiff, perpetuating the injunction, and the defendant has appealed.

The facts are admitted. Plaintiff's claim to the custody of the records and to perform the clerical duties and receive the fees, is based on the act of 1869, No. 110, entitled "an act to amend and re-enact sections 4 and 9 of 'an act entitled an act to organize the parish courts of this State, and fixing the duties of sheriffs and clerks, providing penalties for their failure to discharge their duties, fixing seal for the clerk of the District Court, and providing a salary for the parish judges and giving the parish courts jurisdiction of suits for separation of bed and board and divorce and interdiction suits, approved September 4, 1868, and authorizing clerks of courts to issue marriage licenses, and fixing the fees to be allowed parish judges.'"

The defendant contends, the provisions of this act authorizing the district clerk to perform certain clerical duties and receive certain fees in the parish court, virtually creates the office of parish clerk, designating the district clerk to perform its duties in violation of article 117 of the State constitution, which declares that, "no person shall hold or exercise at the same time more than one office of trust or profit, except that of justice of the peace or notary public."

He also contends that said act violates article 86 of the constitution, which provides that, "for each parish court one judge shall be elected by the qualified electors of the parish. * * * He shall receive a salary and fees, to be provided by law. Until otherwise provided, each parish judge shall receive a salary of one thousand two hundred dollars per annum, and such fees as are established by law for clerks of district courts."

The fourth section of this amendatory act declares that there shall be no clerk of the parish court. It, however, provides that, "the

clerks of the several District Courts of this State shall perform all the clerical duties to be performed in and for the parish courts. * * * That for such services said clerk of the District Court shall have such fees as are now or may hereafter be provided by law for such services." *. * * * * It further provides that, "this section nor any provision in it shall not apply to any proceedings in cases of appeals from justices of the peace courts to the parish courts; in all such cases the parish judge shall be his own clerk and issue all such orders and writs of any kind pertaining thereto, and shall be entitled to all fees resulting therefrom." * * * * . * . * *

We cannot perceive that this act creates the office of parish clerk as urged by the defendant. It states expressly "that the parish court shall not be entitled to a clerk of the parish court."

"When a law is clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Civil Code, article 13.

If the act did not create the office of parish clerk it is not in conflict with article 117 of the constitution, by requiring the district clerk to perform the duties named in the act, and receive the fees.

The ninth section of the act under consideration provides, "that the parish judges shall have a salary, payable quarterly on their own warrants on the State Treasurer, graduated as follows:

"In parishes having one member, or new parishes not yet entitled to separate representation in the House of Representatives, two thousand dollars; in parishes having two or more members in the House of Representatives, two thousand five hundred dollars; and they shall further be entitled to the fees which are provided for clerks of courts in all cases of appeals from justices of the peace courts to the parish courts and no other." Acts of 1869, 140, 142.

The defendant contends that this section violates that part of the eighty-sixth article of the constitution which declares that the parish judge shall have a salary and fees to be provided by law.

Can we say that the amendment to the act organizing the parish court, has not provided a salary and fees for the parish judge? Surely not. Both a salary and fees are provided. In its discretion the Legislature has increased the salary and diminished the fees, and in so doing we cannot say the eighty-sixth article of the constitution has been violated.

The defendant urges that the act of 1869 was passed to evade the decision of this court decreeing certain parts of the act of 1868 unconstitutional.

We cannot presume that the Legislature in passing this act intended to violate the constitution which they have sworn to support.

We will only declare an act unconstitutional when it is manifestly so. 3 M. 12, 553; 3 N. S. 472; 4 N. S. 138; 5 R. 383; 8 R. 416; 5 A. 756; 8 A. 341; 11 A. 722.

It is therefore ordered that the judgment appealed from be affirmed with costs.